**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 2 7 2006

**GREGORY C. LANGHAM**
**CLERK**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

DWIGHT D. YORK,  **06 - CV) - 00807**

    **Petitioner,**       )

-vs-            )    Civil No._____

**UNITED STATES OF AMERICA,** )

    **Respondent.**      )

RECEIVED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 2 1 2006

GREGORY C. LANGHAM
CLERK

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## MOTION FOR HABEAS CORPUS RELIEF
## PUR SUANT TO 28 U.S.C. § 2241

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

COMES NOW, Petitioner herein, Dwight York, through counsel, requesting

relief under 28 U.S.C. § 2241 challenging the execution of his sentence by the

Bureau of Prisons (BOP).  Petitioner contends that his current confinement at USP

Florence ADAMAX, in Florence, Colorado, is unconstitutionally restrictive in

violation of his Fifth Amendment right to due process and Eighth Amendment

right to be free from cruel and unusual punishment. Accordingly, Petitioner

requests a transfer to a location within 500 miles of his family to an institution

where he can receive adequate medical treatment, minimal recreation, and

visitation privileges with his family; all of which he is currently being denied.  In

support, Petitioner states as follows:

1

1.    Petitioner, inmate number # 17911-054, is currently confined at USP

Florence ADAMAX, Florence, Colorado 81226.

2.    Petitioner is serving a sentence of 1,620 months incarceration as a result of

his convictions for violations of the federal racketeering statutes and

transporting minors across state lines for the purpose of sex. See, 18 U.S.C.

§ 1962(c) and (d); 18 U.S.C. § 371; 18 U.S.C. §§ 3283, 2423(a); 31 U.S.C.

§§ 5324(a)(3) and 5313(a). Petitioner was convicted at trial of these

offenses in the United States District court for the Middle District of

Georgia, Case No. 02-CR-27-001.

3.    Petitioner is currently in the process of continuing his direct appeal of these

convictions to the United States Supreme Court, Case No. 05A848.

4.    Subsequent to sentencing, Petitioner was transported to USP Marion, in

Marion Illinois. This is high security institution reserved for the most

violent of criminals. However, Petitioner has no history of violence or

violent behavior. Additionally, this facility was more than 500 miles from

his family in Athens, Georgia.

5.    Subsequently, Petitioner was transferred more than 1,500 miles away from

his family to USP Florence ADMAX, in Florence, Colorado.

6.    While incarcerated, Petitioner has been subject to excessively restrictive

2

conditions as a result of an incorrect custody classification.  During his time at USP Marion, Petitioner was in continuous segregation.  That has continued at USP Florence ADMAX.

7.    Petitioner suffers from angioedema, a serious ailment that causes episodic attacks of swelling, affecting the face, extremities, genitals, gastrointestinal tract, and upper airways.  See, Exhibit A, PSI Excerpt. This condition can be life threatening, and during at least one attack, the Petitioner nearly died, and had to be resuscitated. Although he received treatment for this condition while being held pending trial, while incarcerated at USP Marion, Petitioner did not receive medical treatment for this life threatening condition. Likewise, he has not received adequate medical treatment while he has been incarcerated at USP Florence ADMAX.

8.    Petitioner has not been permitted to engage in recreational activities afforded other prisoners.

9.    Petitioner has not been permitted visitation or communication with his family.  He is not permitted to call or write his family, or receive letters from his family.

10.    Interestingly, Petitioner's current confinement is more than 1,500 miles away from the district court where he was convicted in Macon, Georgia and

3

from his family in Athens, Georgia.  This has made it difficult for Petitioner

to communicate properly with legal counsel concerning his ongoing appeals

to the United States Supreme Court.  It has also made it impossible for

members of his family to secure any visitation of Petitioner.

11.   Petitioner attempted to exhaust administrative requests while at USP Marion

for a transfer to a lower security facility closer to his family, with adequate

medical treatment.  The result was a transfer to USP Florence ADMAX, a

facility even further away from his family, with similar conditions of

confinement and inadequate medical facilities. Given the fact the BOP has

already demonstrated a pattern of arbitrary decisions when it comes to the

Petitioner, and given the fact Petitioner is in immediate jeopardy of serious

harm due to inadequate medical treatment, Petitioner submits that it would

be futile to pursue further administrative remedies.

12.   Petitioner now seeks the mercy of this Court and hopes that he can receive a

transfer to a safe, lower security prison facility, within 500 miles of his

home, with adequate medical facilities.

WHEREFORE, in view of the foregoing and the attached memorandum of law, Petitioner requests that this Court:

(1) Order the BOP to transfer Petitioner to a prison with adequate medical facilities, within 500 miles of his home, friends, family and legal counsel.

(2)  Order the BOP to reassess and correct his security classification so that he will be eligible for placement in a low to medium security prison with adequate medical facilities to treat his life threatening medical condition.

(3) Order the BOP to allow Petitioner to communicate with his family, either through correspondence or over the phone.

(4) Order the BOP to permit Petitioner to receive visitation from friends and family members, as afforded other inmates.

Respectfully submitted,

Robinson & Brandt, PSC.

By _____

Matthew M. Robinson
Attorney for the Petitioner
11331 Grooms Rd., Suite 3000
Cincinnati, OH 45242
(513) 381-8033 phone
(513) 381-8043 fax
mrobinson@robinsonbrandt.com

5

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OF LAW

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**I     This Court has Jurisdiction to Resolve Petitioner's Claims under 28 U.S.C. § 2241**

28 U.S.C. § 2241 provides as follows:

Power to grant writ

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had.

(b) The Supreme Court, any justice thereof, and any circuit judge may decline to entertain an application for a writ of habeas corpus and may transfer the application for hearing and determination to the district court having jurisdiction to entertain it.

(c) The writ of habeas corpus shall not extend to a prisoner unless–

(1)    He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

(2)    He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

(3)    He is in custody in violation of the Constitution or laws or treaties of the United States; or

(4)    He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title,

authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or

(5)   It is necessary to bring him into court to testify or for trial.

(d) Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

Typically a § 2241 motion is used to completely free an inmate from unlawful custody. Preiser v. Rodriguez, 411 U.S. 475, 484-85, 93 S. Ct. 1827, 1833, 36 L. Ed. 2d 439 (1973). A petition pursuant to Section 2241 is generally used to challenge the execution of an individual's sentence, Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.) cert. denied 488 U.S. 982 (1988). Additionally, Section 2241 provides a method by which federal prisoners may challenge disciplinary action taken against them. See generally, Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3d Cir. 1996).

This Circuit has extended the writ, under limited circumstances, to allow a

7

prisoner to challenge his transfer to a more restrictive confinement. See Boyce v. Ashcroft, 251 F.3d 911 (10th Cir. 2001). However, an inmate cannot raise challenges to conditions of confinement in a § 2241 motion. Boyce, 251 F.3d at 918. Habeas corpus can be used to challenge a transfer between prisons if the custody in which the transferred prisoner will find himself is so much more restrictive than his former custody that the transfer can fairly be said to have brought about what has been labeled "a quantum change in the level of custody." Falcon v. United States Bureau of Prisons, 52 F.3d 137, 139 (7th Cir. 1995).

Section 2241 affords relief on a claim that an inmate is held in an unconstitutional place of confinement. See, Johnson v. Avery, 393 U.S. 483,490, 21 L. Ed. 2d 718, 89 S. Ct. 747 (1969) (where state prisoner filed a motion attacking his confinement in maximum security because he assisted other inmates with legal questions, the district court treated the motion as a writ of habeas corpus and ordered petitioner released from maximum security); In re Bonner, 151 U.S. 242, 38 L. Ed. 149, 14 S. Ct. 323 (1894)(habeas is appropriate to attack the "fact" of confinement in a particular institution where the inmate claims that the facility has no jurisdiction over him).

In McIntosh v. United States Parole Comm'n, 115 F.3d 809 (10th Cir. 1997), the Court stated clearly that "A habeas corpus proceeding attacks the fact or

8

duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. In contrast, a civil rights action . . . attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions" (cite omit). McIntosh, 115 F.3d at 811-12 (citing Falcon v. United States Bureau of Prisons, 52 F.3d 137, 138 (7th Cir. 1995) (if prisoner seeks "quantum change" in level of custody, such as freedom, remedy is habeas corpus; if he seeks different program, location or environment, challenge is to conditions rather than fact of confinement and remedy is under civil rights law).

This Circuit has addressed whether an inmate may challenge the location of his imprisonment in Montez v. McKinna, 208 F.3d 862, 864 (10th Cir. 2000). In Montez, this Court allowed a state prisoner pursuant to Section 2241 to challenge his transfer from a state prison in Wyoming to a private prison in Texas and then to a private prison in Colorado. Id. The prisoner alleged that the transfers violated his constitutional rights under the Commerce and Supremacy Clauses and the Fifth and Fourteenth Amendments. The panel noted that because the prisoner challenged the duration of his confinement in a particular location, not the conditions of confinement, and that he thus properly brought the claim under Section 2241. See Id at 865.

In Rael v. Williams, 223 F.3d 1153 (10th Cir. 2000), a state prisoner

9

challenged his confinement in a private prison, asserting that officials had violated his due process and equal protection rights, as well as his rights under the First and Eighth Amendments. The court held, "though the Supreme Court has not set the precise boundaries of habeas actions, it has distinguished between habeas actions and those challenging conditions of confinement under 42 U.S.C. § 1983. We have endorsed this distinction and have recognized that federal claims challenging the conditions of confinement generally do not arise under § 2241." Rael, 223 F.3d at 1154. The court also stated that "the fact that an inmate is transferred to, or must reside in, a private prison, simply does not raise a federal constitutional claim, though it may be raised procedurally under § 2241." Id.

In Montez the inmate's claims were properly raised under Section 2241 because they challenged the fact or duration of custody in a particular state. In Rael, the inmate's claim was properly raised under Section 2241 because he challenged the fact or duration of custody by the incarcerating entity. In the instant case, Petitioner is a federal prisoner challenging the fact or duration of his federal custody under an improperly high security designation in a location that prohibits him from receiving adequate medical treatment and visitation with his family.

10

## II.    Petitioner Submits that Seeking Administrative Remedies is Futile

Petitioner expects that the government will argue that he has not exhausted administrative remedies in requesting a transfer to a location with adequate medical facilities and closer to his family.  However, Petitioner submits that the Bureau of Prisons' treatment of the Petitioner and disregard for BOP policy and guidelines demonstrates that proceeding administratively is futile and that Petitioner should be permitted to have his claims addressed by this Court.

As a general rule, an inmate must exhaust administrative remedies before he can seek § 2241 relief.  Moscato, 98 F.3d at 760-761 ("For federal prisoners challenging disciplinary proceedings, the initial venue is the administrative process.");  United States v. Berry, 814 F.2d 1406, 1410-11 (9th Cir. 1987); Chua Han Mow v. United States, 730 F.2d 1308, 1311 (9th Cir. 1984), cert. denied, 470 U.S. 1031 (1985) A prisoner's procedural default bars review of his federal habeas claims unless the prisoner can show "cause and prejudice" excusing the default. Moscato, 98 F.3d at 762.

Where a prisoner has failed to exhaust his administrative remedies, and may not do so because of the Bureau of Prisons' procedural rules, his claims are procedurally defaulted. Id. at 760. A prisoner's procedural default bars review of his federal habeas claims unless the prisoner can show "cause and prejudice"

11

excusing the default. <u>Moscato</u> at 762. Although the "exhaustion doctrine normally bars direct resort to the courts, that is not true where pursuing administrative remedies would be futile because it is clear that the claim will be rejected." <u>Ferguson v. Ashcroft</u>, 248 F.Supp.2d 547, 563 (M.D. LA 2003). This is precisely the situation in Petitioner's case.

In <u>Von Kahl v Brennan</u> 855 F Supp 1413 (MD Pa. 1994) Federal inmate's petition for habeas corpus alleging denial of due process during administrative misconduct proceedings is not dismissed for failure to exhaust administrative remedies because it would be futile to require inmate to file. In <u>Colton v Ashcroft</u> 299 F Supp 2d 681 (ED Ky 2004), the district court granted preliminary injunction directing Federal Bureau of Prisons (BOP) to transfer prisoner to half-way house, despite the Petitioner had not exhausted administrative requests. The court reasoned that the exhaustion requirement under 28 USCS § 2241 included futility exception and, because prisoner's challenge to BOP's would be denied, prisoner's resort to administrative remedies would have been futile.

In <u>Ferguson v Ashcroft</u>, 248 F. Supp. 2d 547 (MD La 2003), an inmate was not required to exhaust administrative remedies before pursuing her action to prevent government from transferring her from community corrections center to federal prison camp. To do so would have been futile, as people who would

review prisoner's claims in Federal Bureau of Prisons had no power to alter her designation and she would have likely completed her sentence before she could bring her claim before tribunal that could afford her relief.

In Pimentel v Gonzalez, 367 F. Supp. 2d 365 (ED NY 2005), an inmate's failure to exhaust his administrative remedies prior to filing his § 2241 petition was excused where not only would administrative appeal have been futile, but without immediate relief by court, inmate could have suffered irreparable harm. If inmate had been required to pursue administrative remedies prior to bringing his action, he would likely have been done serving much, if not all, of his entire sentence such that his request would become moot.

Petitioner submits that such is true in the instant case. Pursuing this matter through BOP administrative procedures will be futile as the BOP has already demonstrated that the BOP will not follow procedures or regulations when it comes to the Petitioner. Despite Petitioner's lack of violence and lack of criminal background, Petitioner has been classified as a high security threat by the BOP. Despite the fact Petitioner's family reside in Georgia, the BOP has twice broke BOP policy and sent the Petitioner more than 500 miles away from his family and friends. Currently, he finds himself at USP Florence ADMAX, in Florence, Colorado, nearly 1,500 miles away from the Petitioner's family, and three times as

13

far away as BOP policy dictates. Not only has Petitioner been unjustly sent to a location where he is isolated from his family, the BOP has continued to ignore Petitioner's life threatening illness, and sent Petitioner to facilities without adequate medical facilities.

Accordingly, the BOP has demonstrated that it will not follow BOP policy and procedure when dealing with the Petitioner. It would be futile for Petitioner to proceed further with administrative requests for a transfer to a facility close to home and with adequate medical facilities.

## III. Petitioner has a Liberty Interest in the Length, Severity, Conditions, and Place of Confinement.

Finally, there is not doubt that Petitioner has a liberty interest in the length, severity, conditions, and place of confinement. <u>Sandin v. Conner</u>, 515 U.S. 472 (1995). As noted by the Supreme Court recently in <u>Wilkinson v. Austin</u>, 125 S.Ct. 2384 (2005), an inmate placed in a Supermax facility is prohibited from almost all human contact, even to the point that conversation is not permitted from cell to cell. <u>Id</u>. 2394. The environment is lit 24 hours every day. <u>Id</u>. Exercise is permitted for 1 hour per day, but only in a small indoor room. <u>Id</u>. The environment is similar to solitary confinement facilities, except for duration. <u>Id</u>. However, unlike typical solitary confinement lasting 30 days, placement at in a

14

Supermax prison is indefinite. Id at 2394-95. Accordingly, defendants have a liberty interest in avoiding assignment to these conditions. Id.

Such is true in the instant case where Petitioner has a liberty interest in not only the duration of this type of confinement in a Supermax prison, but also has an interest in the place of confinement, particularly when he is placed in a prison over 1,500 miles away from his family. Therefore, Petitioner's request to be transferred to a less restrictive facility that is closer to his family is both constitutionally based, and properly raised in the instant § 2241 petition.

## IV.   Conclusion

Based on the foregoing motion and memorandum of law, Petitioner respectfully requests that this Court step in and compel the Bureau of Prisons to transfer Petitioner to a prison with adequate medical facilities to treat his life threatening condition and that is within 500 miles of his family.

Respectfully submitted,

Matthew M. Robinson
Attorney for the Petitioner
11331 Grooms Rd., Suite 3000
Cincinnati, OH 45242
(513) 381-8033 phone
(513) 381-8043 fax
mrobinson@robinsonbrandt.com

15

## <u>VERIFICATION</u>

The Petitioner herein, Dwight D. York, hereby declares, verifies and states under penalty of perjury that the facts stated in the foregoing motion and memorandum of law are true and correct to the best of his knowledge and belief.

Executed on _April 12, 2006_, pursuant to 28 U.S.C. § 1746.


By: _____
Dwight D. York
Inmate No. 17911-054

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and accurate copy of the foregoing petition for habeas corpus relief has been served via regular U.S. mail, this *19th* day of *April*, 2006, upon Office of the Assistant U.S. Attorney:

(1)     Dean Daskal, AUSA          (2)     Stephanie Thacker
        P.O. Box 2568                     1400 New York Ave., NW
        Columbus, GA 31902               Suite 600
                                         Washington, D.C. 20530

Matthew M. Robinson, Esq.
Attorney for the Appellant
11331 Grooms Rd., Suite 3000
Cincinnati, OH 45242
(513) 381-8033 phone
(513) 381-8043 fax
**mrobinson@robinsonbrandt.com**