IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 1 2 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-00807-BNB

DWIGHT D. YORK,

    Applicant,

v.

UNITED STATES OF AMERICA,

    Respondent.

---

ORDER CONSTRUING HABEAS ACTION AS *BIVENS* ACTION, AND DIRECTING APPLICANT TO FILE A PRISONER COMPLAINT AND A PRISONER'S MOTION AND AFFIDAVIT FOR LEAVE TO PROCEED PURSUANT TO 28 U.S.C. § 1915

---

Applicant Dwight D. York is a prisoner in the custody of the United States Bureau of Prisons (BOP) and currently is incarcerated at the United States Penitentiary, Administrative Maximum. Mr. York has filed, through counsel, an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a supporting brief. He has paid the $5.00 filing fee for a habeas corpus action.

The Court has reviewed the application and supporting brief, and finds that Mr. York is asserting civil rights claims rather than habeas corpus claims. Mr. York complains that the BOP has transferred him more than 1,500 miles from his family in Athens, Georgia. He seeks injunctive relief.

"The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Generally,

a federal prisoner's challenge to his conditions of confinement is cognizable under **Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics**, 403 U.S. 388 (1971). **See, e.g., Richards v. Bellmon**, 941 F.2d 1015, 1018 (10th Cir. 1991).

Mr. York also alleges that he has not exhausted the BOP's three-step administrative procedure prior to initiating the instant lawsuit because he maintains that exhaustion is futile. Mr. York is reminded that he must exhaust BOP administrative remedies before initiating a civil rights lawsuit. Pursuant to 42 U.S.C. § 1997e(a) (Supp. 2005), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." An inmate must exhaust administrative remedies before seeking judicial relief regardless of the relief sought and offered through administrative procedures, **see Booth v. Churner**, 532 U.S. 731, 739 (2001), and regardless of whether the suit involves general circumstances or particular episodes. **See Porter v. Nussle**, 534 U.S. 516, 532 (2002).

Mr. York is a prisoner confined in a correctional facility. The claim he asserts relates to prison conditions. Therefore, despite his contention that exhaustion is futile, he must exhaust the available administrative remedies. Furthermore, 42 U.S.C. § 1997e(a) "imposes a pleading requirement on the prisoner." **Steele v. Fed. Bureau of Prisons**, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. York must "either attach copies of administrative proceedings or describe their disposition with specificity." **Id.** at 1211. Finally, § 1997e(a) imposes a total exhaustion requirement on prisoners. **See Ross v.**

*County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Mr. York has failed to exhaust administrative remedies for any claim, the entire complaint must be dismissed.

Mr. York will be directed to complete the proper Prisoner Complaint form and submit the completed form to the Court if he wishes to pursue his claims. Mr. York must allege, simply and concisely, the specific claims for relief he is asserting and against whom those claims are asserted.

Mr. York also will be required to submit to the Court a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a certified copy of his inmate trust fund account statement for the six months prior to the filing of the instant action, if he desires to proceed *in forma pauperis*. Otherwise he will be required to pay the $345.00 balance of the filing fee prior to proceeding in the action. Accordingly, it is

ORDERED that the action is construed as a civil rights action filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), as opposed to a habeas corpus action filed pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that the Clerk of the Court shall change the docket in the instant filing to reflect the proper nature of the action. It is

FURTHER ORDERED that Mr. York shall complete and file with the Court a Prisoner Complaint form **within thirty days from the date of this order**. It is

FURTHER ORDERED that Mr. York shall complete and file with the Court a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and submit an inmate trust fund account statement as referred to above or in the alternative

pay the $345.00 balance of the filing fee within **thirty days from the date of this order**. It is

FURTHER ORDERED that if Plaintiff desires to proceed pursuant to 28 U.S.C. § 1915 he shall submit a certified copy of his trust fund account statement within **thirty days from the date of this order** so that the Clerk of the Court may determine the appropriate initial partial filing. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. York two copies of the following forms: Prisoner Complaint; Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. It is

FURTHER ORDERED that if Mr. York fails to comply with this order **within thirty days from the date of this order**, the action will be dismissed without prejudice and without further notice. It is

FURTHER ORDERED that the Court will not review the merits of Mr. York's claims until he has complied with this order.

DATED May 12, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00807-BNB

Matthew M. Robinson
c/o Dwight D. York
11331 Grooms Rd., #3000
Cincinnati, OH 45242

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. §1915 and a Prisoner Complaint** to the above-named individuals on 5-12-06

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk